**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ACCIDENT INSURANCE** | § | |
| **COMPANY, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** 4:19-cv-759 |
| | § | |
| **JOWELL INJECTION COMPANY, LLC,** | § | |
| **AND BLALOCK BUILDING** | § | |
| **COMPANY, INC.** | § | |
| **Defendants.** | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Accident Insurance Company, Inc. ("AIC") files its Complaint for Declaratory

Judgment and respectfully show the Court as follows:

## I.  NATURE OF THE ACTION

1.      AIC brings this Complaint for Declaratory Judgment against Jowell Injection Company, LLC

("Jowell") and Blalock Building Company, Inc. ("Blalock").   AIC seeks and is entitled to a judicial

declaration that AIC has no obligation to defend or indemnify Jowell on the claims asserted by

Blalock or any other person or entity in Cause No. 17-0869-442, styled *M&E Texas Moviehouse

LP v. Blalock Building Company, Inc. et al*, 442nd District Court, Denton County, Texas (the

"Underlying Lawsuit").

## II.  PARTIES

2.      Plaintiff Accident Insurance Company, Inc. is incorporated in South Carolina and its principal place

of business is in South Carolina.  AIC does business in Texas within the jurisdiction of this Court.

3.      Defendant Jowell Injection Company, LLC is a for-profit limited liability company with

its principal place of business and office at 2591 NE 28th Street, Fort Worth, Texas, 76111.  Jowell

may be served by serving its registered agent, Matthew J. Papagolos, 5225 Village Creek Drive,

Suite 300, Plano, Texas, 75903.

4.      Defendant Blalock Building Company, Inc. is incorporated in the Alabama and it principal place of business is in Alabama.  Blalock does business in Texas and can be served through its registered agent, National Corporate Research, Ltd, 1601 Elm Street, Suite 4360, Dallas Texas, 75201 or wherever it may be found.

## III.  JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claims complained therein pursuant to 28 U.S.C. §§ 1332, 2201, and 2202.  Complete diversity of citizenship exists between the parties, and the amount in controversy between Plaintiff and Defendants is in excess of $75,000, exclusive of interests and costs.  Venue is proper in this District pursuant to U.S.C. § 1391.

## IV.  BACKGROUND FACTS

**A.      THE PROJECT.**

6.      On or about April 17, 2014, M&E Texas Moviehouse LP ("Moviehouse") contracted with Blalock for construction of a movie theater and eatery (the "Project") to be built in Flower Mound Texas.   Moviehouse also contracted with an architect, structural engineer and mechanical engineer with regard to the Project.  Blalock contracted with various entities to perform work at the Project.

**B.      THE BLALOCK-JOWELL SUBCONTRACT.**

7.      On May 6, 2014, Blalock entered into a subcontract (the "Subcontract") with Jowell for certain water injection services Jowell was to perform on the soil where the Project was to be built. A true and correct copy of the Subcontract is attached hereto as Exhibit A.  The Subcontract provides Jowell would provide all required labor, materials and equipment for the water injection. The Subcontract provides Jowell would defend, indemnify and hold harmless Blalock with respect to every claim or action arising out of the work performed by Jowell on the Project. The

Subcontract provides Jowell was to name Blalock as additional insured's on Jowell's policies, including for completed operations.

**C.     JOWELL'S WORK ON THE PROJECT.**

8.     Jowell performed water injection services at the Project in June and July, 2014.   Jowell was paid for same.  On or about October 31, 2014, Jowell submitted an invoice to Blalock for the 10% retainage on the work Jowell performed at the Project.   Jowell was fully paid for all work performed on the Project.

**D.     THE PROJECT COMPLETED.**

9.     Construction of the Project was completed in July, 2015.  Soon after the Project was completed, Moviehouse began experiencing problems with the Project.  There is no evidence any "property damage" occurred during the Policy Period.

**E.     AIC Policy Issued to Jowell.**

10.     AIC issued to Jowell commercial general liability policy number TXAL115376 (the "Policy").  The Policy was effective from March 7, 2014 to March 7, 2015 (the "Policy Period").

## V.  UNDERLYING LAWSUIT

11.     On February 1, 2017, Moviehouse initiated the Underlying Lawsuit against Blalock and the plumber hired by Blalock.  Moviehouse claims it contracted with Blalock for the construction of the Project and after the Project was completed, Moviehouse began to experience construction-related problems, including with the wall, plumbing, foundation and exterior systems of the Project.  Moviehouse subsequently added as defendants the Project architect, the Project structural engineer and the Project mechanical engineer. A true and correct copy of Plaintiff's Second Amended Petition is attached hereto as Exhibit B.

12.     Blalock filed a Third-Party Petition against various subcontractors it hired to perform work

on the Project, including Jowell.  Blalock asserts Plaintiff and/or others in the Underlying Lawsuit have indicated there was an issue with the water injection performed by Jowell that likely caused soil movement and, if Plaintiff prevails on its causes of action, Jowell is responsible for the alleged damages.   Blalock asserts claims against Jowell for contribution, negligence, breach of contract, contractual comparative causation, and contractual indemnity under indemnity provisions in the subcontract between Jowell and Blalock. A true and correct copy of Plaintiff's Second Amended Petition is attached hereto as Exhibit C.

## VI.  THE AIC POLICY

13.     As noted above, AIC issued the Policy to Jowell with effective dates (a Policy Period) of March 7, 2014 to March 7, 2015.  The insuring agreement for the Policy under Coverage Form CG 00 01 10 01 provides in pertinent part:

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   **Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit "that may result.

   **b.**   This insurance applies to "bodily injury" and "property damage" only if:

      (2) The "bodily injury" or "property damage" occurs during the policy period.

2.  **Exclusions**
   This insurance does not apply to:

   **b.  Contractual Liability**
   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement.

**l.  Damage to Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "product completed operations hazard."  This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.  Damage to Impaired Property or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## SECTION V – DEFINITIONS

8.  "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   b. You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or you're fulfilling the terms of the contract or agreement."

   if such property can be restored by use by:
   **a.**  The repair, replacement adjustment or removal of "your product" or "your "work", or
   **b.**  Your fulfilling the terms of the contract or agreement.

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16.  "Products-completed operations hazard":
   a.  Includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product or "your work" except:

   (1)  Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

   (a)  When all the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at the job site has been put to its intended us by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.  Does not include "bodily injury" or "property damage" arising out of:

        (3)Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

22. "Your work":
    a.  Means:
    (1) Work or operations performed by you or on your behalf; and

    (2) Materials, parts or equipment furnished in connection with such work or operations.

    b.  Includes:
    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    (2) The providing of or failure to provide warning or instructions.

14.    The Policy includes the following pertinent Endorsements:

––––––––––––––––

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**.

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – CONTRACTORS – SCHEDULED PERSON S OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name Person or Organization:**

Blalock Building Company, Inc.

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operation for that insured.

———————————

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**.

**ADDITIONAL INSURED – OWNERS, LESSEES OR
CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Name of Additional Insured Person(s) or Organizations:** | **Location and Description of Completed Operations:** |
|---|---|
| TO BE INCLUDED MUST BE NOTIFIED IN WRITING OF ANY AND ALL ENTITIES, INDIVIDUALS OR CORPORATIONS HAVING WRITTEN CONTRACTS PRIOR TO ANY WORK BEING PERFORMED | IN REGARD TO WORK PERFORMED BY THE NAMED INSURED – VARIOUS LOCATION IN THE STATE OF TEXAS |

**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) show in the Schedule, but only with respect to liability for "bodily injury" or property damage" caused in whole or in part, by "your work" at the location designated and described  in the schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

———————————

15.     While there are Endorsements to the Policy naming various entities as Additional Insureds for Completed Operations, there is no Endorsement to the Policy naming Blalock as an Additional Insured for Completed Operations.

## VII.  AIC ENTITLED TO DECLARATORY JUDGMENT

16.     As noted above, the was Policy was effective from March 7, 2014 to March 7, 2015 (the

"Policy Period").  While Jowell's work at the Project began and was completed during the Policy Period, no "property damage" occurred during the Policy Period and/or there is no evidence any "property damage" occurred during the Policy Period.  Alternatively, to the extent there was any "property damage" during the Policy Period, there is no coverage under the Policy and/or the Policy excludes coverage for such "property damage."

17.     Pursuant to the above Policy language, AIC is entitled to a judgment declaring (a) no "Property Damage" occurred during the Policy Period, (b) the AIC Policy does not provide coverage to Jowell for the claims asserted against it by Blalock in the Underlying Lawsuit, and (c) AIC has no obligation to defend or indemnify Jowell on the claims asserted against it by Blalock in the Underlying Lawsuit.

18.     Separately and independently, AIC is entitled to a judgment declaring coverage for the asserted by Blalock against Jowell is excluded by one or more Exclusions in the AIC policy.

      a.   **Contractual Liability.** The Policy excludes from coverage any liability Jowell assumes in a contract or agreement if Jowell would not otherwise have had such liability.  The Jowell-Blalock Subcontract provides Jowell would name Blalock as an additional insured for completed operations.  Jowell never asked AIC to add Blalock as an additional insured for completed operations.  In the absence of such agreement in the Jowell-Blalock Contract, Jowell would not be liable to Blalock for such liability.  To the extent Jowell assumed any liability to name Blalock as an additional insured under the Policy for completed operations, the Policy excludes any coverage for same, and AIC is entitled to judgment declaring such liability is excluded under the Policy

      b.   **Damage to Your Work.**  The Policy excludes from coverage property damage to Jowell's work ("your work") arising out of it or any part of it and included in the

"products-completed operations hazard."   To the extent there was during the Policy Period any property damage to Jowell's work arising out of it or any part of it and to the extent same would be included in the products-completed operations hazard, coverage for such property damage is excluded from the Policy. AIC is entitled to judgment declaring any such property damage to Jowell's work or any part of it is excluded from coverage under the Policy.

    **c. Damage to Impaired Property.**  The Policy excludes from coverage property damage to impaired property or property that has not been physically injured, arising out of a defect or deficiency in Jowell's work or the failure of Jowell to perform under the Jowell-Blalock Subcontract.   To the extent there was damage to impaired property before Jowell's work was put to its intended use, there is no coverage for such damage under the Policy and AIC is entitled to judgment declaring any such damage is excluded under the Policy.

19.    AIC further pleads the terms, conditions, exclusions, provisions and limitations of liability contained in the entire Policy as if copied here in *extenso*.

    **WHEREFORE**, Accident Insurance Company, Inc. prays that defendants be cited to appear and Answer the Complaint herein within the delays fixed by law, and that after due proceedings are had, there be judgment herein in favor of Accident Insurance Company declaring:

    a.  No coverage exists under the Policy for the claims asserted against Jowell in the Underlying Lawsuit;

    b.  Accident Insurance Company has no duty under the Policy to defend Jowell on the claims asserted by Blalock in the Underlying Lawsuit;

    c.  Accident Insurance Company has no contractual obligation under the Policy to provide coverage to Jowell for any attorney's fees or costs incurred by it in defending the claims asserted against Jowell by Blalock in the Underlying Lawsuit;

    d.  Accident Insurance Company has no duty to indemnify Jowell for any damages awarded against Jowell in the Underlying Lawsuit; and

    e.  Accident Insurance Company has no duty or obligation to indemnify or pay any

damages awarded against Jowell in the Underlying Lawsuit;

   f.   Additionally and/or alternatively, Accident Insurance Company:

      i.   has no duty to defend or indemnify Jowell for any contractual liability Jowell assumed under any agreement of contract;

      ii.   has no duty to defend or indemnify Jowell for any damage to Jowell's work arising out of it or any part of it; and

      iii.   has no duty to defend or indemnify Jowell for any damage to impaired property impaired property or property that has not been physically injured, arising out of a defect or deficiency in Jowell's work or the failure of Jowell to perform under the Jowell-Blalock Subcontract.

Accident prays for all such other relief to which it may be entitled.

Respectfully submitted,

**ADKERSON, HAUDER & BEZNEY, PC**

By: Paul A. Bezney

Paul A. Bezney
State Bar No. 00787077
bezney@ahblaw.net
Bernie E. Hauder
State Bar No. 09233600
bernie@ahblaw.net
1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201
Telephone: 214/740-2500
Facsimile:  214/740-2501